IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHERYL LANDIS,                     )
                                       )
              Plaintiff,         )
                                       )
              v.                )       Civil Action No. 07-1216
                                       )
US AIRWAYS, INC.,             )       Magistrate Judge Amy Reynolds Hay
THE BOEING COMPANY,      )
                                       )
              Defendants.     )

**OPINION AND ORDER**

HAY, Magistrate Judge

        Plaintiff, Cheryl Landis ("Landis" or "plaintiff") filed the instant complaint bringing claims against US Airways, Inc. ("US Airways") for negligence (Count I), intentional tort (Count II), and breach of contract (Count III), and claims against The Boeing Company ("Boeing"), for strict liability (Count IV), breach of implied and express warranty (Count V), and negligence (Count VI), after she was allegedly injured while a passenger on an airplane scheduled to depart from Pittsburgh International Airport for Palm Beach International Airport on July 27, 2006.

        According to the Complaint, Landis was aboard US Airways' Flight 231 at approximately 9:45 a.m. on July 27, 2006, when the plane, which was allegedly designed and manufactured by Boeing, experienced a "nose gear collapse" causing the aircraft to shake violently as it pushed off from the gate.  Complaint ¶¶ 6, 8, 13 [Dkt. 1].  Landis alleges that US Airways did not take all necessary measures to avoid the accident despite the fact that a crewman warned the first officer that the nose landing gear wheel was not oriented with the nose of the

airplane during the pre-flight inspection. Landis contends that as a direct result of the nose landing gear collapse she suffered severe physical injuries, including extensive nerve damage requiring her to have cervical surgery, continuous muscle spasms and numbness in her neck and various nerves. Landis further contends that because of her injuries, she has accumulated extensive medical bills which, in turn, has impacted her credit score. Id., ¶¶ 7, 9, 10, 11.

Presently before the Court is a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed by US Airways and a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) submitted by Boeing. We will address each motion *seriatim*.

## I. <u>Motion to Dismiss</u>

The United States Supreme Court has recently held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, ___ U.S. ___, ___, 127 S. Ct. 1955, 1974 (2007) (rejecting the long-adhered to 12(b)(6) standard set forth in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)). In assessing the sufficiency of the complaint, the Court must accept as true all allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. <u>Angelastro v. Prudential-Bache Securities, Inc.</u>, 764 F.2d 939, 944 (3d Cir.), <u>cert. denied</u>, 474 U.S. 935 (1985). The Court, however, need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. <u>See California Public Employees' Retirement System v. Chubb Corp.</u>, 394 F.3d 126. 143 (3d Cir. 2004), <u>citing Morse v. Lower Merion School District</u>, 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. <u>Bell Atlantic</u>

Corp. v. Twombly, 127 S. Ct. at 1965, citing Papasan v. Allain, 478 U.S. 265, 286 (1986).

"Factual allegations must be enough to raise a right to relief above the speculative level." Id.

The question is not whether the plaintiff will prevail in the end but, rather, is whether the plaintiff

is entitled to offer evidence in support of his or her claims. See Oatway v. American

International Group, Inc., 325 F.3d 184, 187 (3d Cir. 2003).

   Here, US Airways contends that Landis' claims are properly dismissed as they are

preempted by federal law. Specifically, US Airways argues that because the Federal Aviation

Act of 1958, codified as amended at 49 U.S.C. §§ 40101-49105 (the "FAA"), was enacted to

provide the exclusive system of regulation of air safety and flight operations, any claims brought

under state law are preempted. Because Landis has asserted only Pennsylvania common law tort

and contract claims against it, US Airways argues they are preempted by the FAA and properly

dismissed.

   This precise issue was addressed by the Court of Appeals for the Third Circuit in

Abdullah v. American Airlines, Inc., 181 F.3d 363, 366 (3d Cir. 1999) ("Abdullah"), wherein the

Court held that:

> [T]he FAA and relevant federal regulations establish complete and
> thorough safety standards for interstate and international air
> transportation that are not subject to supplementation by, or
> variation among, jurisdictions. While some courts have found
> federal law to preempt discrete aspects of air safety ... we hold that
> federal law establishes the applicable standards of care in the field
> of air safety, generally, thus preempting the entire field from state
> and territorial regulation.

Id. at 367 (citations omitted). See Fidelity Federal Sav. and Loan Ass'n v. de la Cuesta, 458 U.S.

141, 153 (1982), quoting Rice v. Santa Fe Elevator Corp., 331 U.S. 218, 230 (1947) (Absent

explicit pre-emptive language, Congress' intent to supersede state law altogether may be inferred because "[t]he scheme of federal regulation may be so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it" [or] because "the Act of Congress may touch a field in which the federal interest is so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject ...").  Thus, the standard of care applicable to aviation safety is derived solely from the FAA and any claims premised on violations of standards imposed by state law are properly dismissed.

As previously discussed, Landis has brought claims against US Airways for violations of Pennsylvania common law sounding in tort and contract.  Because the standard of care imposed by state common law is preempted by the FAA, and Landis has not otherwise set forth a federal standard of care alleged to have been breached, her claims against US Airways are properly dismissed.  See Levy v. Continental Airlines, Inc., 2007 WL 2844592 at * (E.D. Pa. Oct. 1, 2007) ("Levy") (Finding that, under the FAA, federal law provides the pertinent standard of care for aviation safety and that the plaintiff's claims alleging violations of standards imposed by state common law and state statutes were properly dismissed); Margolies-Mezvinsky v. U.S. Air Corp., 2000 WL 122355 at *2 (E.D. Pa. Jan. 28, 2000) (Finding that the plaintiff's state law claim for negligence during the operation of an airplane was properly dismissed as she failed to set out a duty owed to her under federal law which is a key element of her case).

Landis nevertheless argues that because she has stated in the jurisdictional statement of her complaint that, "[j]urisdiction is based on 14 C.F.R. § 91.101, as this is a civil action arising under the [FAA]," and has generally alleged that US Airways was careless and reckless, she has satisfied her burden under the notice pleading standard.  Complaint ¶ 4.  We

4

disagree.

First, § 91.101 merely states that "[t]his subpart prescribes flight rules governing the operation of aircraft within the United States and within 12 nautical miles from the coast of the United States," and does not, in and of itself, set forth what those rules are or the appropriate standard of care. Second, as argued by US Airways, plaintiff has not alleged anywhere in the Complaint that US Airways violated the FAA but, rather, has alleged only that US Airways violated duties owed to her under state law.[1]

More importantly, however, in <u>Abdullah</u>, the Third Circuit found that,

> in determining the standards of care in an aviation negligence
> action, a court must refer not only to specific regulations but also
> to the overall concept that aircraft may not be operated in a careless
> or reckless manner. The applicable standard of care is not limited
> to a particular regulation of a specific area; it expands to
> encompass the issue of whether the overall operation or conduct in
> question was careless or reckless.

<u>Abdullah</u> 181 F.3d at 371. Thus, while the necessity of having to allege generally that US Airways was careless and reckless is clear, it is also clear that the specific federal standard of care alleged to have been violated, and which may have contributed to the careless and reckless operation of the aircraft, must also be set forth. Having failed to set forth the specific regulation and, thus, the applicable federal standard of care that US Airways is alleged to have breached, Landis' claims remain preempted and are properly dismissed

In this manner, Landis' reliance on <u>Levy</u> is curious, if not misplaced, as the

---

[1] Although Landis has indicated in her brief filed in response to US Airway's motion that the conduct complained of "would violate sections 91.403 and 91.13(a) of the FAA," Pl. Brief at p. 6, it is well settled that a plaintiff may not amend his or her complaint through a brief filed in opposition to a motion to dismiss. <u>See</u> <u>Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.</u>, 836 F.2d 173, 181 (3d Cir. 1988).

plaintiff in that case did, in fact, allege that the defendant violated specific section of the regulations governing the FAA in her amended complaint. While the district court permitted some, but not all, of the plaintiff's claims brought under the FAA to go forward, it granted the defendant's motion to dismiss with respect to the plaintiff's claims of negligence arising under Pennsylvania common law standards, state statutes and local ordinances because the standards set forth therein are preempted by federal law. Levy, 2007 WL 2844592 at *4.

Here, unlike in Levy, Landis has not alleged that US Airways violated a particular federal regulation or federal standard of care but has only brought claims arising under Pennsylvania common law. Thus, like the common law claims brought in Levy, Landis' claims are preempted by federal law and properly dismissed.

Finally, the Court notes that although Landis correctly points out that the FAA does not preempt state law *remedies* for tort actions, that does not relieve Landis from having to establish that her injuries were caused by a violation of a federal standard of care in the first instance. Only upon such a showing would plaintiff then be entitled to whatever remedies are permissible under Pennsylvania law. Abdullah, 181 F.3d at 368.

## I. Motion for Judgment on the Pleadings

Whereas a Rule 12(b) motion to dismiss a complaint is properly filed before a responsive pleading, a Rule 12(c) motion for judgment on the pleadings may be filed after the pleadings are closed. Because Boeing filed the instant motion after it had already filed an answer to the complaint, it properly filed its motion under 12(c). This notwithstanding, Fed. R. Civ. P. 12(h)(2) provides that a defense of "[f]ailure to state a claim upon which relief can be granted"

may be raised in a motion for judgment on the pleadings. Thus, the same standard applicable to a Rule 12(b)(6) motion applies here. See Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991).

Boeing initially argues, much as US Airways has, that the tort claims Landis has brought against it are based solely on alleged violations of state common law standards of care and, thus, are preempted by federal law. Indeed, Landis' claims for strict liability, breach of implied warranty and negligence are all state law claims requiring Landis to show only that standards imposed under state law have been violated. As previously discussed, under these circumstances, Landis' claims are preempted and properly dismissed.

Landis nevertheless reiterates that she has complied with the notice pleading requirement having stated in the jurisdictional statement of her complaint that jurisdiction is based on 14 C.F.R. § 91.101, and because she has identified Boeing as a manufacturer subject to the standards of Part 25 of the Federal Aviation regulations. See Complaint ¶¶ 4, 29. As pointed out by Boeing, however, even if merely referencing § 91.101 in the jurisdictional statement were sufficient to state a claim under federal law, § 91.101 pertains only to aircraft operators and not to manufacturers and, thus, does not serve to invoke jurisdiction over Boeing or state a claim against it under the FAA. Moreover, although Landis may have identified Boeing as a manufacturer subject to the standards of Part 25 of the Federal Aviation regulations in Count IV of the Complaint, she has not indicated what particular regulation or standard is at issue and, more importantly, has not alleged that Boeing violated any of the regulations set forth therein.[2]

---

[2]Although Landis has attached a copy of 14 C.F.R. § 25.729 to her brief in opposition to Boeing's motion, she does not discuss its relevance to her claims against Boeing. Moreover, as previously discussed, Landis may not cure the deficiencies in her complaint in her response to Boeing's

Thus, for these reasons, as well as those stated above with respect to US Airways' motion to dismiss, and because Landis has not alleged that Boeing violated federal law or a federal standard of care, Landis' claims for strict liability, breach of implied warranty and negligence brought against Boeing are preempted by the FAA and are properly dismissed.

Boeing also argues that Landis' claim for breach of express warranty brought at Count V of the Complaint should be dismissed because Landis has failed to plead the grounds upon which her claim rests as is required under Fed. R. Civ. P. 8 (a).

The United States Supreme Court has recently held that, although "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests,' .... [f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, ___ U.S. at ___, 127 S. Ct. at 1964-65. See Thomas v. Independence Township, 463 F.3d 285, 295 (3d Cir. 2006).

Landis has not addressed Boeing's argument in this regard and, thus, has seemingly conceded the issue. See Jordan v. Mel Blount Youth Home of Pennsylvania, 2006 WL 1495513 at *1 (W.D. Pa. May 26, 2006) (Noting that by failing to respond to an issue in her brief in opposition to defendant's motion to dismiss, the plaintiff had apparently conceded the issue). Nevertheless, noting that express warranties are "based on the notion of offer and acceptance," the Superior Court of Pennsylvania as found that:

> it would appear incongruous to allow third parties the benefit of an express warranty when no evidence exists that they were aware of the terms of the warranty or the identity of the party issuing the

---

motion. See Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d at 181.

> warranty.  Thus, in order to preserve the unique character of
> express warranties, we hold that third parties may enforce express
> warranties only under circumstances where an objective fact-finder
> could reasonably conclude that: (1) the party issuing the warranty
> intends to extend the specific terms of the warranty to the third
> party (either directly, or through an intermediary); and (2) the third
> party is aware of the specific terms of the warranty, and the identity
> of the party issuing the warranty.

Goodman v. PPG Industries, Inc., 849 A.2d 1239, 1245-46 (Pa. Super. 2004), aff'd, 885 A.2d

982 (Pa. 2005) (per curiam).

   Here, Landis has failed to allege any facts that would tend to show either that

Boeing intended to extend the specific terms of the warranty to her as a third party beneficiary of

its contract with US Airways or that she is aware of the specific terms of the warranty.  Indeed,

Landis has not even alleged that an express warranty was issued in the first instance much less

what its terms might be.  Rather, Landis has merely concluded that the nose gear collapse and her

injuries were caused by Boeing's breach of an express warranty.  Complaint ¶ 35.  Under these

circumstances, Landis has not provided sufficient facts to demonstrate her entitlement to relief on

her breach of express warranty claim above the speculative level and, thus, has failed to state a

claim.  See Bell Atlantic Corp. v. Twombly, ___ U.S. at ___, 127 S. Ct. at 1964-65 ("While a

complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

allegations ... a plaintiff's obligation to provide the grounds of his entitlement to relief requires

more than labels and conclusions ...") (internal quotations and citations omitted).

   An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHERYL LANDIS,                          )
                                        )
                    Plaintiff,          )
                                        )
        v.                              )      Civil Action No. 07-1216
                                        )
US AIRWAYS, INC.,                       )      Magistrate Judge Amy Reynolds Hay
THE BOEING COMPANY,                     )
                                        )
                    Defendants.         )

**ORDER**

AND NOW, this 18th day of March, 2008, for the reasons set forth in the Opinion

accompanying this Order, IT IS HEREBY ORDERED that the motion to dismiss pursuant to

Fed. R. Civ. P. 12(b)(6) filed by US Airways [Dkt. 12], and the motion for judgment on the

pleadings under Fed. R. Civ. P. 12(c) submitted by Boeing [Dkt. 22], are GRANTED.

IT IS FURTHER ORDERED that pursuant to Rule 4(a)(1) of the Federal Rules of

Appellate Procedure, if the plaintiff desires to appeal from this Order, she must do so within

thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P.

By the Court,

/s/ *Amy Reynolds Hay*
United States Magistrate Judge

cc:     All counsel of Record by Notice of Electronic Filing